J-A11026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THOMAS JAMES KOLLIAS | : | |
| | : | |
| Appellant | : | No. 1463 MDA 2018 |

Appeal from the Judgment of Sentence Entered August 3, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002330-2003

BEFORE: BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 11, 2019**

Appellant, Thomas James Kollias, appeals from the judgment of sentence entered on August 3, 2018. We remand with instructions.

On August 18, 2003, Appellant pleaded guilty to receiving stolen property and criminal attempt to commit criminal trespass.[1] That day, the trial court sentenced Appellant to serve a term of one to two years in prison for the receiving stolen property conviction, followed by a term of five years of probation for the attempted criminal trespass conviction.

On April 1, 2010, April 16, 2013, and December 1, 2016, the trial court revoked Appellant's probation and, each time, the trial court resentenced Appellant to serve a term of probation for the underlying attempted criminal trespass conviction. *See* Probation Order, 4/1/10, at 1 (sentencing Appellant

_____

[1] 18 Pa.C.S.A. §§ 3925(a) and 901(a), respectively.

to serve seven years of probation); Special Probation Order, 4/16/13, at 1 (sentencing Appellant to serve seven years of probation); Probation Order, 12/1/16, at 1 (sentencing Appellant to serve a term of four years of probation).

On July 3, 2018, while Appellant was still on probation, the Court of Common Pleas of Delaware County sentenced Appellant to serve a term of four to 23 months in jail for a simple assault conviction. *See* N.T. Revocation Hearing, 8/3/18, at 2. As a result of Appellant's arrest and conviction, the Commonwealth began revocation of probation proceedings against Appellant.

During the August 3, 2018 violation of probation hearing, Appellant stipulated to violating his probation and the trial court resentenced Appellant to serve a term of 20 months to five years in prison for the underlying attempted criminal trespass conviction. *Id.* at 11.

Following the denial of Appellant's motion to modify sentence, Appellant filed a timely notice of appeal. The trial court then ordered Appellant to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Trial Court Order, 10/2/18, at 1. Appellant's counsel responded by filing a "statement of intent to file an *Anders*/*McClendon* brief,"[2] in accordance with Pennsylvania Rule

---

[2] *See Anders v. California*, 386 U.S. 738 (1967) and *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981).

of Appellate Procedure 1925(c)(4).[3]  **See** Counsel's Rule 1925(c)(4) Statement, 10/3/18, at 1.  The trial court filed a statement in lieu of opinion and noted that, since "no viable errors have been identified," it could not write a substantive opinion.  **See** Trial Court Opinion, 12/12/18, at 1.

Appellant received new counsel on appeal and this new counsel declared that she "respectfully disagrees with [the frivolity assessment of Appellant's prior counsel and that she] sees merit to this appeal."  Appellant's Brief at 8. As a result, Appellant's counsel did not file an **Anders** brief or a petition to withdraw in this Court; instead, Appellant's counsel filed an advocate's brief, challenging the discretionary aspects of Appellant's sentence.  **See** Appellant's Brief at 1-24.

Given this posture, we "remand for the filing of a [Rule 1925(b)] Statement *nunc pro tunc* and for the preparation and filing of an opinion by the" trial court.  Pa.R.A.P. 1925(c)(3) ("If an appellant in a criminal case was

_____

[3] Pennsylvania Rule of Appellate Procedure 1925(c)(4) provides:

> In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an **Anders**/**McClendon** brief in lieu of filing a [Rule 1925(b)] Statement.  If, upon review of the **Anders**/**McClendon** brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a [Rule 1925(b)] Statement, a supplemental opinion pursuant to Rule 1925(a), or both.  Upon remand, the trial court may, but is not required to, replace appellant's counsel.

Pa.R.A.P. 1925(c)(4).

ordered to file a [Rule 1925(b)] Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a [Rule 1925(b)] Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge").

Appellant's counsel shall have 30 days from the date this memorandum is filed to file of record, and serve upon the trial court judge pursuant to Pennsylvania Rule of Appellate Procedure 1925(b)(1), the Rule 1925(b) statement. Appellant is reminded "that any issue not properly included in the Statement timely filed and served pursuant to [Pennsylvania Rule of Appellate Procedure 1925(b)] shall be deemed waived." Pa.R.A.P. 1925(b)(3)(iv). The trial court shall then file a responsive Rule 1925(a) opinion within 45 days of the date Appellant files and serves the Rule 1925(b) statement. Appellant shall file a supplemental brief, if necessary, within 20 days of receipt of the trial court's Rule 1925(a) opinion. The Commonwealth shall file a supplemental brief, if necessary, within 20 days of receipt of Appellant's supplemental brief.

Case remanded with instructions. Panel jurisdiction retained.